**Jerry Lee PHILLIPS, Plaintiff,**

v.

**SOUTH CAROLINA INSURANCE CO., Defendant.**

**Civ. A. No. 82–361–1–MAC.**

United States District Court, M.D. Georgia, Macon Division.

April 23, 1985.

Stewart R. Brown, Macon, Ga., for plaintiff.

M. David Merritt, Atlanta, Ga., for defendant.

OWENS, Chief Judge:

In this diversity action, plaintiff seeks "no-fault" benefits under the Georgia Motor Vehicle Accident Reparations Act, O.C. G.A. §§ 33–34–1, *et seq.* (1982), pursuant to the theory of recovery set forth in a line of Georgia cases beginning with *Jones v. State Farm Mutual Auto. Ins. Co.,* 156 Ga.App. 230, 274 S.E.2d 623 (1980). Presently before the court is plaintiff's motion for partial summary judgment on the applicability of Georgia law.

FINDINGS OF UNDISPUTED FACT

1. On November 20, 1979, plaintiff was a resident of South Carolina. On that date, he applied for a policy of automobile liability insurance to be issued by defendant. Russell Affidavit ¶¶ 6–8.

2. In his application, plaintiff rejected coverage for personal injury protection as defined by South Carolina law. Exhibit A to Russell Affidavit.

3. Defendant accepted plaintiff's application and issued policy number ADA 3877445 to plaintiff for the period of November 20, 1979, to November 20, 1980. Russell Affidavit ¶ 12.

4. On or about August 27, 1980, defendant was informed that plaintiff had changed his mailing address to P.O. Box 308, Monticello, Georgia. Russell Affidavit ¶ 14.

5. On October 17, 1980, plaintiff advised defendant that he had purchased a new vehicle, and he requested that this new vehicle be substituted under policy number ADA 3877445. Replacement coverage was so executed. Russell Affidavit ¶¶ 15–16. Plaintiff by affidavit avers that he again advised defendant that he was living in Georgia. Phillips Affidavit ¶ 6. Defendant does not deny that it was so advised.[1]

6. On November 7, 1980, plaintiff was injured in a motor vehicle collision occurring in Putnam County, Georgia and involving the vehicle covered by policy number ADA 3877445.

7. As a result of this collision, defendant paid plaintiff $5,000.00 in personal injury protection benefits under policy number ADA 3877445. Defendant has refused to pay the maximum benefits set forth in O.C.G.A. § 33–34–5 (1982), despite plaintiff's demand and tender of an additional premium.

## CONCLUSIONS OF LAW

O.C.G.A. § 33–34–3 (1982) provides in pertinent part:

All policies of motor vehicle liability insurance issued in this state must be in accordance with the requirements of [the Georgia Motor Vehicle Reparations Act]....

*Id.* § 33–34–3(a)(1). The Act goes on to provide that "[e]ach insurer shall also make available on an optional basis [additional, maximum no fault benefits]." *Id.* § 33–34–5. Plaintiff's cause of action is predicated on his claim that defendant failed to offer the optional no fault benefits in the manner prescribed by the statute. *See Flewellen v. Atlanta Casualty Co.*, 250 Ga. 709, 300 S.E.2d 166 (1982); *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga.App. 230, 274 S.E.2d 623 (1980). The issue presented in this motion is whether defendant was required to comply with the Georgia statute upon notice that its insured had moved to Georgia. Defendant argues that "the burden of insuring compliance with the [no fault law] resided with plaintiff." Brief of Defendant at 7.

■ When plaintiff moved to Georgia and notified his insurance company of his change in address, an offer of novation occurred. *See American Service Mut. Ins. Co. v. Bottum*, 371 F.2d 6, 8–10 (8th Cir. 1967). Defendant was certainly free to. adjust its premium in light of any increase in risk, or to refuse to extend coverage altogether if it opposed the policies of Georgia's no-fault law. It did neither; by allowing coverage to continue while plaintiff resided in Georgia, defendant effectively accepted the offer of novation and caused its policy to be subject to Georgia law. Georgia law clearly places upon the insurer the burden to make optional no-fault benefits available. O.C.G.A. § 33–34–5(a) (1982). Accordingly, defendant was required to comply with Georgia's Motor Vehicle Reparations Act.

Defendant argues that the recent decision of the Georgia Supreme Court in *Doran v. Travelers Indem. Co.*, 254 Ga. 63, 326 S.E.2d 221 (1985) is dispositive of this case. In *Doran*, the court held that an insurer who issued a policy of automobile liability insurance to a Florida resident for a business vehicle licensed and registered in Florida was not subject to the optional no-fault benefits statute, as construed in *Jones* and *Flewellen*, even though the insurer knew that the vehicle was garaged at the insured's branch office in Waycross, Georgia. Because the policy was issued in

---

1. There is a disputed question of fact as to whether defendant agreed to cause a local, Georgia agent to contact plaintiff regarding his new residence in Georgia. However, defendant does not deny that it was twice advised that plaintiff was living in Georgia.

Florida and the named insured remained a Florida resident, the court ruled that the policy was not "issued" in Georgia and thus was not subject to O.C.G.A. § 33–34–5 (1982). *Id.*, 326 S.E.2d at 226 ("It is where the policy was issued, and not where the vehicle was licensed or garaged, which is a [the ?] factor used to determine whether all provisions of the no-fault act apply . . . .").

This action is factually distinguishable from *Doran* and is not controlled by that decision. *Doran* involved a policy insuring a fleet of company vehicles owned by a Florida businessman. The vehicle in question, though garaged in Georgia, continued to be owned and operated by the Florida business. It was therefore governed by the general liability policy issued in Florida covering all of the Florida owned vehicles. In contrast, this case involves an individual policy covering a vehicle intended for personal use. The named insured moved to Georgia and apparently severed all ties to South Carolina. Unlike the named insured in *Doran*, plaintiff no longer remained a resident of the state in which the policy was originally issued, nor did he continue to conduct business there. Because a change of state residence is such a fundamental change in a contract of automobile insurance, an offer of novation occurred. *See American Service Mut. Ins. Co. v. Bottum, supra.* Defendant by its silence assented to this novation. In effect, a new policy of insurance was "issued" in Georgia, and it was subject to all requirements of Georgia law.

Plaintiff's motion for partial summary judgment on his claim·that defendant was required to make available to plaintiff optional no fault coverages in the manner set forth under O.C.G.A. § 33–34–5 (1982) is hereby GRANTED.